UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| v. | : | 1:20-cr-171-TNM-1 |
| | : | |
| **FRANK CAPORUSSO** | : | |
| Defendant. | : | |

## MOTION FOR RECONSIDERATION OF DETENTION

Frank Caporusso, by and through counsel, respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3142 to release him pending trial in this matter.

1. Mr. Caporusso is before this Court charged by indictment with two counts: 1) Influencing, Impeding, or Retaliating Against a Federal Official by Threat in violation of 18 U.S.C. § 115(a)(1)(B) and 2) Interstate Communications in violation of 18 U.S.C. § 875(c).

2. On August 31, 2020, Mr. Caporusso was arrested in this matter and held without bond following a detention hearing before the Magistrate Court in October 2020. In making its detention decision, the Magistrate Court found that Mr. Caporusso was not a flight risk but detained him without bond because of its finding of dangerousness.

3. The government and counsel are currently in plea negotiations.

4. Mr. Caporusso respectfully requests this Honorable Court reconsider its order detaining Mr. Caporusso pending trial in this matter.

### ARGUMENT

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). However, in our

society, liberty is the norm, and detention prior to trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Where the government requests pretrial detention, specific requirements must be fulfilled before a defendant may be detained. In order to warrant an exception to this presumption of freedom, the government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. 18 U.S.C. § 3142(f). Additionally, the judicial officer considering the propriety of pretrial detention must consider four factors: (1) [t]he nature and circumstances of the offense charged; (2) the weight of evidence against the person; (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In considering the above factors, Mr. Caporusso is not a danger to the community and should be released pending resolution of this matter. As for the allegations themselves, it is important to point out that there is nothing in this case that indicates a plot or plan to carry out the threats alleged in the voicemail. Further, there is little doubt that intoxication played a significant role in the alleged conduct.

Mr. Caporusso is a law-abiding citizen who cares deeply for his family. This is his first contact with the criminal justice system, and he has no prior criminal record of any kind. Mr. Caporusso is the sole breadwinner for his family and was one of the top-selling salesmen at his company prior to his arrest. Since being incarcerated on August 31, 2020, Mr. Caporusso's family is experiencing dire hardship, financially and emotionally. Further, Mr. Caporusso helps

care for his brother John Caporusso, who has disabilities and for whom Mr. Caporusso provides frequent and sustained support. John describes Mr. Caporusso as a strong support system throughout his entire life, including going as far back as defending him from bullies as children, helping him with his education, and obtaining employment.

Mr. Caporusso's suffers from sleep apnea, and the continuing pandemic is exposing him to a more dangerous environment than if he were allowed to remain in his home.

The allegations in this case occurred on May 14, 2020. On May 20, 2020, Mr. Caporusso was interviewed in his New York home. Mr. Caporusso was not arrested until August 31, 2020. For over three (3) months, the government did not arrest Mr. Caporusso. The government will no doubt make the argument that the allegations of the voicemail itself are enough to hold Mr. Caporusso on the dangerousness prong. However, given the government's lack of action for over three (3) months, it is clear there was no immediate threat and no evidence of an actionable plot to carry out the alleged threats. This speaks to Mr. Caporusso's lack of dangerousness. Additionally, Mr. Caporusso has a stable home in New York, can continue his employment there, and can be properly supervised in New York if released.

WHEREFORE, for the foregoing reasons, and any other reasons that the Court may deem just and proper, Mr. Caporusso respectfully requests that the Court release him to electronic monitoring and/or home confinement pending the resolution of this matter.

Respectfully Submitted,

\_\_\_\_/s/_____
David Benowitz
D.C. Bar No. 451557
Price Benowitz LLP
409 Seventh Street, NW
Suite 200
Washington, DC 20004
david@pricebenowitz.com
*Counsel for Frank Caporusso*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February, 2021, I caused a true and correct copy of the foregoing Motion to be delivered via CM/ECF to Assistant United States Attorney Rachel Fletcher, United States Attorney's Office, 555 4th Street, NW, Rm. 4840, Washington, D.C. 20530.

\_\_\_\_/s/_____
David Benowitz