UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 20-CR-171 (TNM) |
| | : | |
| FRANK J. CAPORUSSO | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION**

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant's motion for reconsideration of detention. The government respectfully submits that the defendant should continue to be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments, and authorities presented at a hearing, be considered in the Court's determination regarding continued pre-trial detention.

## I. Procedural History

    The defendant is charged by indictment with one count of knowingly threatening to assault and murder Victim One, a District Judge for the United States District Court of the District of Columbia, with intent to impede, intimidate, or interfere with Victim One in the performance of Victim One's official duties, in violation of Title 18 U.S.C. § 115 (a)(1)(B) (Count One), and one count of willfully and knowingly transmitting in interstate commerce a communication containing a threat to injure the person of another, namely to assault and kill Victim One, with the knowledge that the communication would be viewed as a threat, in violation of Title 18 U.S.C. § 875 (c) (Count Two).

1

At the initial appearance, the government moved for detention pending trial pursuant to 18 U.S.C. §§ 3142 (f)(1)(A) and 3142 (f)(2)(A). In October 2020, after a detention hearing spanning three days, the Honorable G. Michael Harvey, Magistrate Judge, District Court for the District of Columbia, held the defendant pursuant to 18 U.S.C. § 3142 (f)(1)(A), noting that the nature and seriousness of the offense and the danger represented by the defendant weighed in favor of detention. On February 18, 2021 the defense filed the motion for reconsideration of detention. ECF No. 13. The government now opposes.

## II. Legal Authority and Argument

A detention hearing may be reopened at any time before trial if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (f)(2). The government need not "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). Because a detention hearing must not be subverted into a mini-trial or a method of obtaining discovery, a pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996), *see also Williams*, 798 F. Supp. at 36.

There are four factors under 18 U.S.C. § 3142 (g) that the Court shall consider in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the

community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142 (g). A review and understanding of the facts and circumstances require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. *See* 18 U.S.C. § 3142 (e)(1).

### III.  Argument

The government will not repeat all of the arguments outlined in its previously filed motion for detention in this case, but it incorporates those arguments here. *See* ECF No. 7 (filed October 18, 2020).

The defendant's motion hinges on the fact that the defendant is not a danger to the community and should be released pending resolution of this matter. ECF 13, at 2.  However, this argument ignores the fact that a judicial determination has already been made that the defendant *is* a danger to the community. In short, the 18 U.S.C. § 3142 (g) factors have not changed, and the defendant's motion fails to provide novel information "not known to the movant at the time of the hearing" nor any information that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (f)(2). The circumstances outlined in defendant's motion were already considered by Judge Harvey at the detention hearing, including the issue of defendant's sleep apnea, which Judge Harvey addressed and subsequently followed up on to ensure that defendant would have access to a CPAP machine to alleviate his symptoms. Therefore, because there is no new information in the defendant's motion that would suggest that the 18 U.S.C. § 3142 (g) factors have changed since the initial detention hearing, the government respectfully submits that the defendant should remain held, but will briefly touch on some of the defendant's arguments in this response.

First, the defendant argues that there is nothing in this case to indicate that he was involved in a "plot or plan to carry out the threats alleged in the voicemail" and that "intoxication played a significant role in the alleged conduct." While at this point in time, the government admittedly does not have additional evidence of defendant's involvement in a larger plot or conspiracy, the defendant's own words—"We are trained military people. We will be on rooftops. … we'll start cutting down your staff"—suggest that at the time he made the phone call he did not intend to act alone. The government is also not required to prove that the defendant had the intent or ability to carry out a threat. *See Virginia v. Black,* 538 U.S. 343, 359-60 (2003). Furthermore, in assessing the defendant's dangerousness, Judge Harvey was aware of the six firearms found in his home; the number of phone calls made to Victim One's chambers by the defendant—some the day after the voicemail; and the steps the defendant appears to have taken to cover his tracks such as masking his number. Those factors, in combination with the violent threat towards Victim One and the seriousness of the charges as reflected in the potential sentence, all reflect the dangerousness posed by defendant to the community and continue to weigh in favor of detention.

Second, the defendant argues that he had no prior criminal history, was employed and successful prior to his arrest, is close with his family, and suffers from sleep apnea. Judge Harvey was aware of the defendant's familial and personal ties at the prior detention hearing and even read through letters submitted by the defendant's friends.

Third, the defendant argues that the three-month period between the alleged offense and defendant's arrest refutes the Court's ruling that the defendant is dangerous, suggesting that the delay proves that neither an "immediate threat" nor "evidence of an actionable plot to carry out the alleged threats" existed. ECF No. 13, at 3. Judge Harvey explicitly addressed this argument

4

at the prior detention hearing. He noted that there is no basis to conclude that the government dragged its feet in charging the defendant out of the belief that the defendant was not dangerous, and the government should not be incentivized to quickly indict someone after an incomplete investigation. Further, this argument is belied by the fact that the defendant was interviewed by the U.S. Marshals just a few days after the May 14, 2020 voicemail was discovered.

Finally, the defense's motion purports that the defendant may be properly supervised at his home in New York if released. The instant offenses occurred while the defendant was at his home. Judge Harvey agreed with the government's concerns over the Eastern District of New York's limited ability to fully monitor electronic devices and ensure the safety of the community if defendant were released to his home.

For these reasons, the government submits that the defendant should remain held.

### III. Conclusion

The government respectfully requests that the Court deny the defendant's motion and continue to hold the defendant pending trial.

                                        Respectfully submitted,

                                        CHANNING D. PHILLIPS
                                        ACTING UNITED STATES ATTORNEY
                                        D.C. Bar No. 415793

By:        /s/ RAF
                    Rachel A. Fletcher
                    Assistant United States Attorney
                    TX Bar No. 24078505
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 252-7093
                    rachel.fletcher@usdoj.gov

### CERTIFICATE OF SERVICE

On March 5, 2021, a copy of the foregoing notice and attached discovery letter were served on defendant's counsel through the Court's Electronic Filing System.

                                        /s/ RAF
                                        Rachel A. Fletcher
                                        Assistant United States Attorney