**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**FRANK J. CAPORUSSO**,<br><br>Defendant. | Case No. 1:20-cr-00171 (TNM) |

## <u>ORDER</u>

Defendant Frank J. Caporusso seeks release on bond as he awaits trial or the resolution of plea negotiations.  *See* Def.'s Mot. for Recons. of Detention ("Mot."), ECF No. 13.  The Government opposes.  *See* Government's Mem. in Opp'n to Def.'s Mot. for Recons. of Detention ("Opp'n"), ECF No. 14.  For the following reasons, the Court will deny the motion.

A federal grand jury indicted Defendant on one count of knowingly threatening to assault and murder a federal judge with intent to impede, intimidate, or interfere with the performance of his official duties, in violation of 18 U.S.C. § 115(a)(1)(B) (Count One), and one count of willfully and knowingly transmitting in interstate commerce a communication containing a threat to injure the person of another, with the knowledge that the communication would be viewed as a threat, in violation of 18 U.S.C. § 875(c) (Count Two).  *See* Indictment, ECF No. 1.  After a detention hearing, Magistrate Judge G. Michael Harvey ordered Defendant detained pending trial in accordance with 18 U.S.C. § 3142(f)(1)(A), relying chiefly on the seriousness of the offense and the danger that Defendant posed to the community.

Defendant now moves under 18 U.S.C. § 3142 for reconsideration of the detention order.[1]  A court may reconsider its decision on pretrial detention "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time and that has a material bearing on the issue whether there are conditions of release" that would "reasonably assure the appearance of such person as required" and "the safety of any other person and the community."  18 U.S.C. § 3142(f)(2)(B); *accord United States v. Moore*, No. 13-cr-330, 2014 WL 1273439, at *1 (D.D.C. Mar. 31, 2014).

Here Defendant does not appear to present any information that was "not known to [him] at the time" of his initial detention hearing.  18 U.S.C. § 3142(f)(2)(B).  Defendant's arguments rest on the seriousness of the alleged conduct, his familial and personal ties, his lack of criminal history, his sleep apnea, the ability for him to remain supervised at his New York residence, and a lack of dangerousness shown by the three-month gap between his first interview with law enforcement and his arrest.  *See* Mot. at 2–3.  The Government points out that all these factors would have been known to Defendant before his detention hearing, and Magistrate Judge Harvey explicitly considered many of them, including Defendant's sleep apnea.  Opp'n at 3.  Defendant has not suggested otherwise.  More generally, Magistrate Judge Harvey determined that Defendant must be detained because he was a danger to the community.  Defendant presents no arguments why any of the factors under 8 U.S.C. § 3142(g) have changed and the Court should reach a different conclusion.

---

[1]  The Court construes Defendant's motion as a request under 18 U.S.C. § 3142(f)(2)(B) to reopen his pretrial detention hearing, rather than a motion to review the Magistrate Judge's determination under 18 U.S.C. § 3145(b), which he does not cite.

Accordingly it is hereby

**ORDERED** that Defendant's [13] Motion for Reconsideration of Detention is DENIED.[2]

**SO ORDERED**.


Dated:  March 17, 2021                                     _____
                                                          TREVOR N. McFADDEN, U.S.D.J.

---

[2] Given the age of this case and the concerns raised by Caporusso, the parties should be prepared to set a trial date at the upcoming status conference if no plea agreement has been reached.