# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.:  20-cr-171 (TNM) |
| FRANK J. CAPORUSSO, | |
| Defendant. | |

## STATEMENT OF OFFENSE

### A.    MAXIMUM PENALTY

A violation of 18 U.S.C. § 115(a)(1)(B) carries a maximum sentence of 10 years of imprisonment, a fine of $250,000 pursuant to 18 U.S.C. § 3571 (b)(3), a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583 (b)(2), and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

### B.    ELEMENTS OF THE OFFENSE

The elements of a violation of 18 U.S.C. § 115(a)(1)(B), are:

1. The defendant threatened to assault, kidnap, or murder a United States official, a United States Judge, a Federal law enforcement officer, or an official whose killing would be a crime under 18 U.S.C. § 1114;

2. The defendant did so with the intent to:

   a. impede, intimidate, or interfere with such official, judge, or law enforcement officer while he or she was engaged in the performance of official duties, or

   b. with the intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties;

3. "United States Judge" means any judicial officer of the United States, and includes a justice

of the Supreme Court and a United States magistrate judge. 18 U.S.C.§ 115 (c)(3).

C.     **BRIEF STATEMENT OF FACTS**

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty. The United States and the defendant, Frank J. Caporusso, agree and stipulate as follows that had this case gone to trial, the government's evidence would have proven beyond a reasonable doubt:

1. On or about the evening of May 14, 2020 at approximately 8:24 p.m., the defendant left a voicemail on Victim One's Chambers' telephone line. The voicemail stated:

    > We are professionals. We are trained military people. We will be on rooftops. You will not be safe. A hot piece of lead will cut through your skull. You bastard. You will be killed, and I don't give a fuck who you are. Back out of this bullshit before it's too late, or we'll start cutting down your staff. This is not a threat. This is a promise.

2. The defendant knew at the time he left the voicemail that Victim One was a United States Judge.

3. The threatening statements were made in reference to Victim One's presiding over a pending criminal case.

4. Data provided by AT&T showed that the number that left the threatening voicemail was subscribed to the defendant, and the defendant called the Chambers' phone line multiple times on the date and around the time the threatening voicemail message was left. The defendant also called the Chambers' phone line at least twice again the next evening, May 15, 2020. Records from AT&T also indicate that the defendant used the code "NIOR" (Calling Number Identity Restriction) only for the calls going to the

Chambers' phone line.

Respectfully submitted,

*/s/ Channing D. Phillips/RAF*

Channing D. Phillips
Acting United States Attorney

By: */s/ Rachel A. Fletcher*

Rachel A. Fletcher
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to: Influencing, Impeding, or Retaliating Against a Federal Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B). I have discussed this proffer fully with my attorney, David Benowitz I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4/26/21

Frank J. Caporusso
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to Influencing, Impeding, or Retaliating Against a Federal Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 4/26/21

David Benowitz, Esquire
Counsel for Defendant