**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 20-cr-171 (TNM)** |
| **v.** | : | |
| | : | |
| **FRANK J. CAPORUSSO** | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. For the reasons herein, the United States requests that the Court sentence the defendant to a period of 18 months of incarceration, to be followed by three years of supervised release. The government is not requesting any fines or restitution in this case, other than required court costs. In support of this sentence, the government states the following.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 26, 2020, a federal grand jury for the United States District Court for the District of Columbia returned a two count indictment in case number 20-cr-171, charging Frank J. Caporusso (hereinafter "the Defendant" or "Defendant Caporusso") with one count of Influencing, Impeding, or Retaliating Against a Federal Official by Threat in violation of 18 U.S.C. § 115 (a)(1)(B) (Count One); and one count of Interstate Communications (threats) in violation of 18 U.S.C. §857 (c) (Count Two). ECF No. 1.

On April 28, 2021, the Defendant pled guilty to Count One, Influencing, Impeding, or Retaliating Against a Federal Official by Threat, pursuant to a written plea agreement. ECF No. 18. Sentencing is scheduled for July 19, 2021.

*Statement of Offense*

At the hearing on April 28, 2021, the parties agreed to the following Statement of Offense.

ECF No. 19.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea in this case.  The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty.  The United States and the defendant, Frank J. Caporusso, agree and stipulate as follows that had this case gone to trial, the government's evidence would have proven beyond a reasonable doubt:

1.      On or about the evening of May 14, 2020 at approximately 8:24 p.m., the defendant left a voicemail on Victim One's Chambers' telephone line. The voicemail stated:

We are professionals. We are trained military people. We will be on rooftops. You will not be safe. A hot piece of lead will cut through your skull. You bastard. You will be killed, and I don't give a fuck who you are. Back out of this bullshit before it's too late, or we'll start cutting down your staff. This is not a threat. This is a promise.

2.      The defendant knew at the time he left the voicemail that Victim One was a United States Judge.

3.      The threatening statements were made in reference to Victim One's presiding over a pending criminal case.

4.      Data provided by AT&T showed that the number that left the threatening voicemail was subscribed to the defendant, and the defendant called the Chambers' phone line multiple times on the date and around the time the threatening voicemail message was left. The defendant also called the Chambers' phone line at least twice again the next evening, May 15, 2020. Records from AT&T also indicate that the defendant used the code "NIOR" (Calling Number Identity Restriction) only for the calls going to the Chambers' phone line.

## DISCUSSION AND RECOMMENDATION

### I.      Generally Applicable Legal Principles

When determining the appropriate sentence, the district court should consider all of the

applicable factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Gall*, 128 S. Ct. 586, 596

(2007).  The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>>> (i) issued by the Sentencing Commission ...; and
>>> (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
>> (A) issued by the Sentencing Commission ... and
>> (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

**II.**   **Defendant's Sentencing Guidelines Calculation**

   **A.**   **Total Offense Level**

The government concurs with Probation's assessment of the applicable guidelines in the Presentence Investigation Report ("PSR"), which comport with the parties' estimated guidelines in the written plea agreement. *See* ECF No. 18, 22. According to Probation, the base offense level is twelve (12) (U.S.S.G. §2A6.1), with an additional six (6) level victim related adjustment because the victim was a government official (U.S.S.G. §3A1.2(a)(1) and (2)). Therefore, the adjusted offense level is eighteen (18). The government is recommending a three-level reduction for acceptance of responsibility, resulting in a total offense level of fifteen (15) (U.S.S.G. § 3E1.1).

   **B.**   **Criminal History Category**

As set forth in paragraph 26 of the PSR, the Defendant has a criminal history score of zero, which establishes a criminal history category of I. ECF No. 22.

   **C.**   **Sentencing Guideline Range**

With a total offense level of 15 and a Criminal History that falls in Category I, the Defendant's guidelines range is between 18-24 months; the applicable fine range is between $7,500-$75,000; and the Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583 (b)(2).

**III.**   **Sentencing Recommendation**

Pursuant to the plea agreement, the government has agreed to allocate for a sentence at the bottom of the applicable guideline range. Therefore, the government is requesting a sentence

of 18 months, followed by three years of supervised release.

As stated above, when weighing the 18 U.S.C. § 3553(a) factors as part of its calculus of an appropriate sentence, the Court should consider not only the nature and circumstances of the offense and the history and characteristics of the defendant, but also the applicable sentencing objectives—that is, that the sentence should: reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence; protect the public; and effectively provide the defendant with needed services and care.

### A.      The Nature of the Offense

In his case, the Defendant threatened to assault and murder a federal judge because he disagreed with the way the judge was handling a case.  The threat was conveyed in specific, graphic, and chilling detail.[1] The Defendant precisely laid out how the threat would be carried out—"…we will be on rooftops…a hot piece of lead will cut through your skull…you will be killed" and the language used was intended to intimidate and influence a federal judge's handling of a pending case—"…back out of this bullshit before it's too late…." The Defendant not only threatened the judge, but also threated to "start cutting down [the judge's] staff" if the judge did not comply with his demands.

This is a serious crime that had a true impact on the judge, the judges' staff, and law enforcement. The United States Marshal's Service (USMS) had to expend additional resources to investigate this crime and protect the victim in this case. Furthermore, as stated in the judge's victim impact statement—the Defendant's actions had a "profound impact" on the judge and his family.

Compounding this impact, is the fact that the threat in this case occurred at a time when

---

[1] The government intends to provide the Court a copy of the voicemail in advance of sentencing and intends to play the voicemail at sentencing as Exhibit 1.

there has been a dramatic increase in threats against judges' and other court personnel.[2] Indeed, two months after the Defendant made the instant threat, a federal judge's son was killed and her husband wounded at a shooting at their home. Of course the Defendant is not responsible for the actions of others. The Government does not seek to place such blame on him; however, when looking at the nature and seriousness of an offense, the Defendant's actions cannot be considered in a vacuum. The background in which he made the threat is important to consider when considering the seriousness of the offense and the long-lasting impact on victims, law enforcement, and the sanctity of the judiciary.

**B.     The History and Characteristics of the Defendant**

The Defendant is 53 years old with no criminal history, a solid record of employment, and, according to the PSR, strong family ties. However, even with a successful job and strong family he engaged in disturbing conduct. His conduct in this case, even if it is an anomaly from a lifetime of good behavior, is violent, troubling, and shows a profound level of dangerousness and anger.

**C.     The Need for the Sentence Imposed**

There are no "good threats" but the threat in this case is the exact type of conduct the statute seeks to prohibit—a threat to murder a federal official in order to impede, intimidate, or interfere with the performance of their official duties. The maximum sentence for a violation of 18 U.S.C. § 115 (a)(1)(B) includes 10 years of imprisonment and a fine of $250,000. In crafting the maximum sentence for this charge, Congress has shown the seriousness of this type of conduct. Furthermore, as stated above, the guidelines range for this conduct—even where a

---

[2] *See* https://www.abajournal.com/web/article/attack-on-judges-family-puts-judicial-security-center-stage; https://www.cbsnews.com/news/federal-judge-threats-attack-60-minutes-2021-05-30/ (noting a 400% increase in threats over the last five years).

Defendant has NO criminal history—is not insubstantial. As such, punishment alone justifies a period of incarceration. However, it is also important to consider other objectives in fashioning a just sentence. Specifically, the need to deter the Defendant and others from such unlawful behavior. Due to the increasing threats and actions of violence against the judiciary and other public officials, deterrence and promoting respect for the law should be a goal of the Court's sentence in this case. The Court's sentence may have a real deterrent effect on the Defendant and others contemplating similar conduct and protect the public and our institutions from further acts of violence and intimidation.

## **CONCLUSION**

Given the seriousness of the Defendant's conduct, the impact on the victim and law enforcement resources, and the need to protect the community, the government is requesting a sentence of 18 months. The government believes such a sentence will promote respect for the law and fellow human beings, and serve as a warning that this type of conduct will not be tolerated.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793


By: _____/s/\_\_\_\_\_RAF_____
RACHEL A. FLETCHER
Assistant United States Attorney
TX Bar No. 24078505
Violent Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4840
Washington, D.C.  20530
Office: (202) 252-7093
Rachel.Fletcher@usdoj.gov